■ SONDRA SWEET, Appellant-Respondent, v. GRANT SWEET, Respondent-Appellant.— In an action brought by plaintiff for a judgment of separation upon the grounds of abandonment and nonsupport, or, in the alternative, for a judgment of support and maintenance for herself and the infant issue of the marriage (in the nature of a special proceeding) plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered October 5, 1973, which, after a hearing, dismissed the first and second causes of action for a judgment of separation with prejudice; dismissed the third cause of action for support and maintenance, without prejudice to the right of plaintiff to institute a new proceeding should the circumstances then prevailing warrant same; and awarded plaintiff the sum of $1,750 as and for her counsel fees. Defendant cross-appealed from only that portion of the judgment as awarded plaintiff counsel fees. Judgment modified, on the law and the facts, by striking therefrom the second decretal paragraph and substituting a decree that defendant pay plaintiff the weekly sum of $125 for the support and maintenance of herself and children. As so modified, judgment affirmed, with costs to plaintiff. During the hearing, plaintiff elected to proceed solely upon the third cause of action in the nature of a special proceeding for support and maintenance. In our opinion, the proof established that defendant's voluntary payments to plaintiff of $90 a week were inadequate and that she was entitled to the entry of judgment directing defendant to pay her the weekly sum of $125. We are further of the opinion that in view of the election not to proceed on the first two causes of action, the award of $1,750 represented the full, fair and reasonable value of the services rendered by plaintiff's counsel. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.

■ JAYNE TARR, Appellant, v. KENNETH TARR, Respondent.— Appeal by plaintiff from so much of a judgment of the Supreme Court, Nassau County, dated May 7, 1973, as, awarded $80 per week for the support of the parties' child and counsel fees in the sum of $1,000. Judgment modified, on the law and the facts, and in the exercise of discretion, by increasing the award for child support to $100 per week, by increasing the award for counsel fees to $1,500 and by adding thereto a provision directing that plaintiff's attorneys shall return to plaintiff the original $1,500 they received from her. As so modified, judgment affirmed insofar as appealed from, without costs. Plaintiff had paid her attorneys a retainer fee of $1,500. Special Term concluded that a fair and reasonable counsel fee was $2,500 but awarded only $1,000, that being the difference between the court's evaluation of counsel's services and what had already been paid. Having regard to the circumstances and abilities of the parties, we hold that this allowance for counsel should have been fixed at $1,500, with the added provision that plaintiff's attorneys return that sum to plaintiff when received by them. We are also of the opinion that the award for child support was inadequate to the extent indicated. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.